UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------    x

TIFFANY RAMOS,

                        Plaintiff,

            -against-

THE CITY OF NEW YORK, NYPD POLICE OFFICER
ANTHONY D. RODRIGUEZ, TAX ID NO. 970817, and
NYPD POLICE OFFICERS JOHN AND JANE DOES
NUMBERS ONE THROUGH TEN,

                          Defendants.

-------------------------------------------------------------------    X

**COMPLAINT AND
JURY DEMAND**

Docket No. 1:25-CV-6433

ECF CASE

Plaintiff TIFFANY RAMOS, by her attorneys, Shulman-Hill, PLLC, as and for her

Verified Complaint herein, alleges upon information and belief as follows:

## PRELIMINARY STATEMENT

1.    This is a civil rights action to recover money damages arising out of

defendants' violation of Plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Sections

1983 and 1988, and of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the

United States Constitution, and the laws and Constitution of the State of New York.

2.    This claim arises from a February 13, 2025, incident in which defendants,

acting under color of state law falsely arrested Plaintiff in the vicinity of 125th Street and

Lexington Avenue, County of New York, State of New York. In addition, Plaintiff was subjected

to assault and battery, causing serious physical injuries, and approximately 4 hours in unlawful

custody at the NYPD 25th Precinct. The New York County District Attorney declined to prosecute plaintiff .

3.    Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

<u>JURISDICTION</u>

4.    This action arises under the First, Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988.

5.    The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4).

6.    This Court further has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).

7.    Plaintiff has complied with the requirements of New York General Municipal Law Section 50-i.

8.    Plaintiff served a notice of claim on the Municipal defendants on April 18, 2025, within the time required by New York General Municipal Law Section 50-e.

9.     More than 30 days have passed since the service of the Notice of Claim.

10.    On July 28, 2025, Plaintiff submitted to an examination pursuant to New York General Municipal Law 50-h.

<u>VENUE</u>

9.    Venue is laid within the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District, pursuant to 28 U.S.C. § 1391(b).

<u>PARTIES</u>

10.     Plaintiff resided at all times relevant in New York County, City and State of New York.

11.     The City of New York (the "City") is a municipal corporation, created and authorized under the laws of the State of New York. Pursuant to Section 431 of its Charter, the City of New York has established and maintains the New York City Police Department (the "NYPD") as a constituent department or agency.

12.     The City assumes the risks incidental to the maintenance of a police force and the employment of police officers

13.     The City was the employer of the NYPD Defendants NYPD POLICE OFFICER ANTHONY D. RODRIGUEZ, and yet unidentified John and Jane Does Numbers One Through Ten.

14.     The City was, at all times relevant to this action, responsible for the policies, practices and customs of the NYPD, which it maintains.

15.     Defendant NYPD POLICE OFFICER ANTHONY D. RODRIGUEZ, TAX ID NO. 970817 (hereinafter "RODRIGUEZ") was at all times relevant herein, an NYPD police officer, acting under color of law pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of New York.

16.     Defendant RODRIGUEZ was assigned as a Police Officer to the 25th Precinct.

17.     Upon information and belief, at all times relevant hereto, Defendant RODRIGUEZ, and NYPD POLICE OFFICERS JOHN AND JANE DOES NUMBERS ONE THROUGH TEN, were involved in the decision to arrest plaintiff without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting plaintiff without probable cause.

18.     Upon information and belief, Defendant Rodriguez and NYPD POLICE OFFICERS JOHN AND JANE DOES NUMBERS ONE THROUGH TEN were under the command of the 25th precinct on the date of the incident.

19.     While an officer at the 25th precinct, Defendant RODRIGUEZ, and NYPD POLICE OFFICERS JOHN AND JANE DOES NUMBERS ONE THROUGH TEN supervisors failed to train, supervise, discipline and control them.

20.     Upon information and belief, at all times relevant hereto, Defendant RODRIGUEZ, TAX ID NO. 970817 and NYPD POLICE OFFICERS JOHN AND JANE DOES NUMBERS ONE THROUGH TEN were under the command of the 25th precinct and are sued in their individual capacity.

21.     At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL CHARGES

22.     On February 13, 2025, at approximately 10:45 p.m., Plaintiff was lawfully present at or near the vicinity of 125th Street and Lexington Avenue, County of New York, State of New York., when the defendant Police Officers unlawfully arrested Plaintiff without probable cause or legal justification.

23.     At the aforementioned place and time, Plaintiff was a passenger in the backseat of a car her cousin was driving.

24.     Plaintiffs cousin had a valid license and registration, and did not commit any Vehicle and Traffic (hereinafter "VTL") infractions, violations, or crimes.

25.     Defendant RODRIGUEZ, and other JOHN AND JANE DOE POLICE OFFICERS stopped the vehicle without justification, probable cause, or other legal authority to do so.

26.     The defendant officers asked for Plaintiff's identification, which Plaintiff had no issue providing her name and date of birth.

27.     It was at this point that Defendants' Rodriguez and other JOHN DOE POLICE OFFICERS asked Plaintiff to step out of the vehicle and forcefully grabbed Plaintiff out of the vehicle.

28.     Defendant Rodriguez proceeded to push her up against the car, search her, and arrest her with tight metal handcuffs, causing severe pain and physical injuries.

29.     At no time relevant herein did Plaintiff commit a crime or violate the law in any way, nor did the police officers have an objective reason to accuse Plaintiff of committing a crime or violating the law in any way.

30.     At no point did Defendant Officers recover any drugs, weapons, graffiti instruments, or other illegal contraband from Plaintiff or from a location that was in Plaintiff's possession, custody, or control.

31.     Plaintiff did not resist arrest.

32.     Nevertheless, Plaintiff was unlawfully arrested and handcuffed by the defendant officers without legal justification or probable cause.

33.     During her arrest, and transport into a police vehicle, Plaintiff was tripped and stepped on by Defendant RODRIGUEZ AND TWO JOHN DOE POLICE OFFICERS, officers causing serious physical injury to Plaintiff's leg and back.

34.     Thereafter, the plaintiff was transported against her will to the NYPD 25th Precinct by Defendant RODRIGUEZ and NYPD POLICE OFFICERS JOHN AND JANE DOES

NUMBERS ONE THROUGH TEN, where she was fingerprinted, photographed, and placed in a holding cell.

35.     While in custody, Defendants' provided the New York County District Attorney's Office with the false, misleading and/or incomplete information that Plaintiff committed a crime, specifically disorderly conduct.

36.     While Plaintiff was at the Precinct, she continually asked for medical attention, but was denied, and was told it would take longer if she went to the hospital.

37.     Plaintiff was released from unlawful custody after approximately four hours with a Desk Appearance Ticket.

38.     When Plaintiff showed up on her Court date, Plaintiff was told the NY County District Attorney's office declined to prosecute her case.

39.     Plaintiff thereafter sought medical attention at Mount Sinai Hospital the day after her arrest, due to the severe back pain caused by Defendant RODRIGUEZ and NYPD POLICE OFFICERS JOHN AND JANE DOES NUMBERS ONE THROUGH TEN.

40.     Plaintiff had a back surgery, injections, and physical therapy as a result of the Defendants actions.

41.     Plaintiff is still treating with medical providers at this time.

42.     Some of the police officer defendants, including Defendant RODRIGUEZ and NYPD POLICE OFFICERS JOHN AND JANE DOES NUMBERS ONE THROUGH TEN observed the violation of Plaintiff's rights under the Constitution of the United States and New York State Law and did nothing to prevent their fellow officers from unjustifiably arresting, confining, and using excessive force against Plaintiff.

43.     During all of the events described, Defendant RODRIGUEZ and NYPD POLICE OFFICERS JOHN AND JANE DOES NUMBERS ONE THROUGH TEN acted maliciously and with the intent to injure plaintiff.

44.     The unlawful arrest, confinement, and use of excessive force by the individually named defendants caused Plaintiff to sustain physical, psychological, and emotional trauma.

<u>DAMAGES</u>

45.     As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a) Violation of her rights pursuant to the Fourth Amendment of the United States Constitution to be free from an unreasonable search and seizure of their persons;

    b) Violation of his rights pursuant to the Fourteenth Amendment of the United States Constitution to due process;

    c) Physical pain and suffering;

    d) Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

    e) Loss of liberty; and

    f) Lost wages;

**FIRST CAUSE OF ACTION**
Unlawful Stop and Search
42 U.S.C. § 1983 Against Individual Defendants

46.     The above paragraphs are here incorporated by reference as though fully set forth.

47.      Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiff without reasonable suspicion.

48.      As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages herein before alleged

## SECOND CAUSE OF ACTION
False Arrest and False Imprisonment Under
42 U.S.C. § 1983 and New York State Law Against Individual Defendants

The above paragraphs are here incorporated by reference as though fully set forth.

49.      The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

50.      The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

51.      As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CAUSE OF ACTION
Malicious Prosecution Under
42 U.S.C. § 1983 Against Individual Defendants

52.      The above paragraphs are here incorporated by reference as though fully set forth.

53.      By their conduct, as described herein, Defendants are liable to Plaintiff for the violation of her constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

54.      Defendants, acting with malice, initiated a prosecution against Plaintiff and caused her to be prosecuted.

55.      The prosecution by Defendants of Plaintiff constituted malicious prosecution in that there was no basis for Plaintiff's arrest, yet Defendants continued with the prosecution, which was resolved in Plaintiff's favor.

56.      As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CAUSE OF ACTION
Denial of Right to Fair Trial Under
42 U.S.C. § 1983 Against Individual Defendants

57.      The above paragraphs are here incorporated by reference as though fully set forth.

58.      The individual Defendants created false evidence against Plaintiff, to wit, sworn documents and testimony alleging that Plaintiff committed the offense of Disorderly Conduct.

59.      The individual Defendants forwarded false evidence to prosecutors in the New York County District Attorney's office.

60.      In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual Defendants violated Plaintiff's right to a fair trial under the Due Process Clause of the Fourth and Fourteenth Amendments of the United States Constitution.

61.      As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FIFTH CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

62.      The above paragraphs are here incorporated by reference as though fully set forth.

63.    Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

64.    Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

65.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CAUSE OF ACTION
Excessive Force Under
42 U.S.C. § 1983 Against Individual Defendants

66.    The above paragraphs are here incorporated by reference as though fully set forth.

67.    The individual Defendants used excessive, unreasonable and unnecessary force with plaintiff in using excessively tight handcuffs and dragging him along the floor while arresting him.

68.    The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on the plaintiff without consent.

69.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CAUSE OF ACTION
Assault under New York State Law

70.    The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 45 with the same force and effect as if more fully set forth at length herein.

- 10 -

71.    Defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully and maliciously assaulted plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the plaintiff, that such acts caused apprehension of such contact in the plaintiff.

72.    As a direct and proximate result of such acts, defendants deprived plaintiff of her rights under the laws of the State of New York.

73.    Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

74.    The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

75.    As a result of the aforementioned conduct of defendants, plaintiff sustained injuries, including but not limited to emotional and psychological injuries.

**EIGHTH CAUSE OF ACTION**
**Battery under New York State Law**

76.    The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 45 with the same force and effect as if more fully set forth at length herein.

77.    Defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully and maliciously battered plaintiff, when they, in a hostile and/or offensive manner handcuffed plaintiff excessively tightly without her consent and stepped

on Plaintiffs foot and fell on her with the intention of causing harmful and/or offensive bodily contact to the plaintiff and caused such battery.

78.    As a direct and proximate result of such acts, defendants deprived plaintiff of her rights under the laws of the State of New York.

79.    Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

80.    The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

81.    As a result of the aforementioned conduct of defendants, plaintiff sustained injuries, including but not limited to emotional and psychological injuries

**NINTH CAUSE OF ACTION**
**Deliberate Indifference to Medical Needs**

82.    The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 45 with the same force and effect as if more fully set forth at length herein.

83.    Defendants despite being aware that plaintiff was suffering through severe arm pain while in their custody and required medication and additional treatment from medical professionals, they delayed plaintiff's medical treatment and refused to administer and properly procure, immediate and adequate medical attention.

84.    The delay in medical treatment to plaintiff's injuries resulted in permanent additional ongoing anxiety attacks suffered by plaintiff that would have been prevented if plaintiff received treatment in a timely manner.

85.     As a direct and proximate result of such acts, defendants deprived plaintiff of her rights under the laws of the State of New York.

86.     Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

87.     The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

88.     As a result of the aforementioned conduct of defendants, plaintiff sustained injuries, including but not limited to emotional and psychological injuries.

**<u>TENTH CAUSE OF ACTION</u>**
**Failure to Intervene**

89.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 45 with the same force and effect as if more fully set forth at length herein.

90.     By the actions described herein, defendants, each acting individually and in concert with each other, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which negligently caused severe emotional distress to plaintiff, Usman Ahmed. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

91.     The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed plaintiff by the laws and Constitution of the State of New York.

92.     As a direct and proximate result of such acts, defendants deprived plaintiff of her rights under the laws of the State of New York.

93.     Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

94.     The City as the Employer of the officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

95.     As a result of the aforementioned conduct of defendants, plaintiff sustained injuries, including but not limited to emotional and psychological injuries.

## ELEVENTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress

45.   The plaintiff repeats, reiterated and realleges each and every allegation contained in paragraphs marked 1 through 45 with the same force and effect as if more fully set forth at length herein.

46.   The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise defendants, individuals who were unfit for the performance of police duties on the aforementioned dates at the aforementioned locations.

As a result of the aforementioned conduct of defendants, plaintiff sustained injuries, including but not limited to emotional and psychological injuries.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

a)      In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's

- 14 -

causes of action;

b)    Awarding Plaintiff punitive damages in an amount to be determined by a jury;

c)    Awarding Plaintiff compensatory and special damages in an amount to be determined by a jury;

d)    Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

e)    Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: August 5, 2025
      New York, New York               Respectfully submitted,

                                         *Cary London*

                                      *Cary London, Esq.*
                                      Bar Number: CL2947
                                      Attorney for Tiffany Ramos
                                      Shulman & Hill, PLLC
                                        1 State Street Plaza – 15th FL
                                        New York, NY 10004
                                        (212)-203-1090
                                        Cary@Shulman-Hill.com